UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| TAWANA WILLIAMS, | ) | Case No. 21-10106 |
| | ) | |
| DEBTOR | ) | |
| | ) | |
| WILLIAM P. MILLER, | ) | |
| U.S. BANKRUPTCY ADMINISTRATOR, | ) | |
| | ) | |
| PLAINTIFF | ) | |
| | ) | |
| v. | ) | Adversary Proceeding |
| | ) | No.: _____ |
| AMRO ELANSARI; THE LAW LION, LLC, | ) | |
| | ) | |
| DEFENDANTS | ) | |

COMPLAINT OF THE UNITED STATES BANKRUPTCY ADMINISTRATOR
FOR FORFEITURE OF COMPENSATION, DAMAGES, AND INJUNCTIVE
RELIEF PURSUANT TO 11 U.S.C. §§ 110 and 526

Now Comes William P. Miller, United States Bankruptcy Administrator for the Middle District of North Carolina, by and through counsel, and, seeking forfeiture of compensation, damages, and injunctive relief pursuant to 11 U.S.C. §§105, 110, and 526, alleges and says:

PARTIES, JURISDICTION AND VENUE

1. Plaintiff, William P. Miller is the duly appointed and acting Bankruptcy Administrator for the Middle District of North Carolina, with standing to be heard on any issue in any case or proceeding under Title 11, including the matter herein, pursuant to Section 317 of the Judicial Improvements Act of 1990.

2. Upon information and belief, Defendant The Law Lion, LLC, is a Pennsylvania limited liability company created on December 18, 2020. The Pennsylvania Secretary of State's database details that the address of The Law

Lion, LLC is 325 Penwyllt Court, Exton, Pennsylvania 19341. Upon information and belief, The Law Lion, LLC does not have a registered agent, and its organizer is an individual named Amro Elansari.

3. Upon information and belief, Defendant Amro Elansari is the organizer of The Law Lion, LLC, and resides and/or regularly conducts business at 901 West Chester Pike, West Chester, Pennsylvania 19382; 325 Penwyllt Court, Exton, Pennsylvania 19341; and 1100 W. Chester Pike Apt H32, West Chester, PA 19382-5061.

4. The Defendants acted as bankruptcy petition preparers as that term is defined in 11 U.S.C. § 110, in the chapter 7 case of Tawana Williams.

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), arising in the bankruptcy case of Tawana Williams ("Debtor") pending before this court, in which this Court has constitutional authority to enter final orders and judgments.

6. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## FACTUAL BACKGROUND

7. The Debtor filed a chapter 7 case in this court on February 26, 2021, Case No. 21-10106.

8. The Plaintiff incorporates by reference the Petition, Schedules, and Statements filed in the Debtor's chapter 7 case (Case No. 21-10106) [Doc. No. 1] as if fully set forth herein.

9. The Debtor's bankruptcy petition indicates that she paid or agreed to pay Amro Elansari to help her fill out her bankruptcy forms.

10. Along with her schedules and statements, the Debtor filed Official Form 119, Bankruptcy Petition Preparer's Notice, Declaration, and Signature. A copy of the Debtor's Official Form 119 is attached hereto as "Exhibit A."

11. Exhibit A identifies Defendants as bankruptcy petition preparer and provides an address and phone number; however, Exhibit A does not provide an identifying number for Amro Elansari or The Law Lion, LLC, and it is not signed by Defendant Amro Elansari, a representative of Defendant The Law Lion, LLC, or the Debtor.

12. The Debtor's Section 341 meeting of creditors commenced on April 7, 2021. A transcript of the Debtor's testimony at the April 7, 2021 meeting of creditors is attached hereto as "Exhibit B."

13. Based on the Debtor's testimony as set forth in Exhibit B:

   A. The Debtor was referred to the Defendants by family members who had used his services.
   B. The Debtor filled out a questionnaire and the Defendant Elansari used that questionnaire and a credit report to complete the Debtor's petition, schedules and statements.
   C. The Debtor paid Defendants the sum of $120 for the preparation of her bankruptcy petition, schedules, and statements.
   D. The Defendants did not provide the Debtor with a copy of Official Form 119 before accepting payment from the Debtor.

14. Upon information and belief, the Debtor contacted Defendant Amro Elansari through an advertisement on the "legal services" section of the website craigslist.com. The advertisement reads, in part:

   "SUE ANYONE—$120 + Court Fees
   Someone giving you a problem? Lawyer Too Busy?
   SUE 'EM—it's just a few forms I can fill out and type up—
   I am a paralegal that does a lot of legal writing—I write the lawsuit for you
   We file it and SUE 'EM
   Housing Issue? SUE 'EM
   Business Issue? SUE 'EM
   You have the right to sue people if you need help with an issue—just a few forms at your local court.
   $120—I write the paperwork for you legal style—we file it and serve it and GET THEM IN COURT."

A copy of the Defendants' craigslist advertisement (including the craigslist search results showing the advertisement posted under "legal services") is attached hereto as "Exhibit C."

15. Upon information and belief, Defendant The Law Lion, LLC maintains a "legal service" Facebook page on which it advertises its services and a website located at https://www.thelawlion.com. Both The Law Lion Facebook page and website contain similar content as Exhibit C. A copy of The Law Lion Facebook page is attached hereto as Exhibit D. A copy of the homepage of The Law Lion website is attached hereto as Exhibit E.

16. The Debtor's schedules and statements do not include an Official Form B2800 disclosure of compensation of bankruptcy petition preparer, and the $120.00 fee paid by the Debtor to the Defendants is not disclosed elsewhere in the Debtor's schedules and statements.

## First Cause of Action
### (Violations of 11 U.S.C §110)

17. The allegations of Paragraphs 1-16 above are incorporated by reference as if fully set forth herein.

18. The Defendants prepared documents for filing and therefore acted as a bankruptcy petition preparer in this case.

19. The Defendants failed to sign the documents they prepared for filing in the Debtor's case as required by 11 U.S.C. §110(b)(1).

20. The Defendants failed to provide the written notices required by 11 U.S.C. § 110(b)(2)(A) before preparing documents for filing or accepting fees from the Debtor.

21. The Defendants failed to have the Debtor sign Official Form 119 and failed to sign Official Form 119 as required by 11 U.S.C. § 110(b)(2)(B)(iii).

22. The Defendants failed to place an identifying number on the documents they prepared for filing in the Debtor's case as required by 11 U.S.C. § 110(c).

23. The Defendants gave the Debtor legal advice in violation of 11 U.S.C. § 110(e)(2).

24. The Defendants use the word "legal" and similar terms in its craigslist and Facebook advertisements and the Defendants advertise under the "legal services" categories of those websites in violation of 11 U.S.C. § 110(f).

25. The Defendants failed to file a declaration under penalty of perjury disclosing the $120.00 fee received by the from the Debtor as required by 11 U.S.C. § 110(h)(2).

## Second Cause of Action
### (Forfeiture and turnover of fees pursuant to 11 U.S.C. § 110(h)(3)(B))

26. The allegations of Paragraphs 1-25 above are incorporated by reference as if fully set forth herein.

27. The Defendants failed to comply with the requirements of 11 U.S.C. § 110(b), (c), (e), (f), and (h).

28. The Plaintiff is entitled to the forfeiture and turnover to the chapter 7 trustee of all fees paid to Defendants by the Debtor pursuant to 11 U.S.C. § 110(h)(3)(B).

### Third Cause of Action
(Damages pursuant to 11 U.S.C. § 110(i)(1))

29. The allegations of Paragraphs 1-28 above are incorporated by reference as if fully set forth herein.

30. The Defendants, acting as bankruptcy petition preparers, committed multiple violations of 11 U.S.C. § 110.

31. The actions of the Defendants were fraudulent, unfair, and deceptive.

32. Under 11 U.S.C. §110(i)(1)(A) and (B) the Debtor is entitled to recover her actual damages, plus the greater of $2,000.00 or twice the amount paid by the Debtor to the Defendants. Such amounts should be paid to the Chapter 7 trustee for the benefit of creditors of the Debtor's estate.

### Fourth Cause of Action
(Injunctive relief pursuant to 11 U.S.C. § 110(j)(2)(A) and (B))

33. The allegations of Paragraphs 1-32 above are incorporated by reference as if fully set forth herein.

34. The Defendants, acting as bankruptcy petition preparers, engaged in conduct in violation of 11 U.S.C. § 110 and other fraudulent, unfair, or deceptive conduct.

35. Injunctive relief, in the form of an injunction prohibiting the Defendants from engaging in further violations of 11 U.S.C. § 110 and other fraudulent, unfair, or deceptive conduct, is appropriate to prevent the recurrence of such conduct.

36. If the Court finds that the Defendants have continually engaged in violations of 11 U.S.C. § 110 and that an injunction prohibiting such conduct would not be sufficient to prevent the Defendants' interference with the proper administration of this title, the Court should enjoin the Defendants from further acting as a bankruptcy petition preparer.

Fifth Cause of Action
(Fines pursuant to 11 U.S.C. § 110(l)(1))

37. The allegations of Paragraphs 1-36 above are incorporated by reference as if fully set forth herein.

38. The Defendants, acting as bankruptcy petition preparers, engaged in conduct in violation of 11 U.S.C. § 11 U.S.C. § 110(b), (c), (e), (f), and (h), as set forth herein.

39. Pursuant to 11 U.S.C. § 110(l)(1), Defendant should be fined not more than $500 for each such violation.

Sixth Cause of Action
(Violations of 11 U.S.C. §§ 526, 527, and 528)

40. The allegations of Paragraphs 1-39 above are incorporated by reference as if fully set forth herein.

41. The Defendants, as bankruptcy petition preparers, acted as a debt relief agency, and intentionally or negligently failed to comply with 11 U.S.C §§ 526, 527, and 528, including, but not limited to, failing to advise the Debtors of the benefits and risks of filing as required by 11 U.S.C. § 526(a)(3)(B); failing to give the notices required under 11 U.S.C. §§ 342(b)(1) and 527; and failing to execute a written contract for services with the Debtor as required by 11 U.S.C. § 528(a)(1).

Seventh Cause of Action
(Damages pursuant to 11 U.S.C. § 526(c)(2))

42. The allegations of Paragraphs 1-41 above are incorporated by reference as if fully set forth herein.

43. The Defendants, acting as a debt relief agency and intentionally or negligently failing to comply with the provisions of 11 U.S.C. §§ 526, 527, and 528, are liable to the Debtor in the amount of any fees received by the Defendants, for actual damages, and for reasonable attorney fees and costs pursuant to 11 U.S.C. § 526(c)(2). Such amounts should be paid to the Chapter 7 trustee for the benefit of creditors of the Debtor's estate.

Eighth Cause of Action
(Injunctive relief pursuant to 11 U.S.C. § 526(c)(5))

44. The allegations of Paragraphs 1-43 above are incorporated by reference as if fully set forth herein.

45. Injunctive relief, in the form of an injunction prohibiting the Defendants from engaging in further conduct in violation of 11 U.S.C. §§ 526, 527, and 528, is appropriate to prevent the recurrence of such violations.

WHEREFORE, the Plaintiff respectfully prays the Court that:

1. All fees and charges paid by the Debtor be forfeited by the Defendants to the Chapter 7 trustee;

2. The Debtor be awarded her actual damages plus the greater of $2,000.00 or twice the amount paid by the Debtor to the Defendants for violations of 11 U.S.C. § 110 and engaging in fraudulent, unfair, and deceptive conduct, with such amounts paid to the Chapter 7 trustee for the benefit of the Debtor's creditors;

3. The Defendants be enjoined from engaging in further violations of 11 U.S.C. § 110 and other fraudulent, unfair, and deceptive conduct;

4. The Defendants be fined the sum of $500.00 for each violation of 11 U.S.C. § 110;

5. The Debtor be awarded damages in the amount of any fees received by the Defendants, actual damages, reasonable attorney fees and costs for violations of 11 U.S.C. §§ 526, 527, and 528, with such amounts paid to the Chapter 7 trustee for the benefit of the Debtor's creditors; and

6. The Plaintiffs have such other and further relief as may seem just and proper.

Respectfully submitted, this the 9th day of June, 2021.

WILLIAM P. MILLER
U. S. BANKRUPTCY ADMINISTRATOR

By  s/Sarah D. Bruce

Sarah D. Bruce
State Bar No. 32605
Attorney for the Plaintiffs
101 S. Edgeworth St.
Greensboro, NC  27401
Telephone: (336) 358-4170

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | |
|---|---|
| IN RE:<br><br>TAWANA WILLIAMS,<br><br>    DEBTOR | Case No. 21-10106 |
| WILLIAM P. MILLER,<br>U.S. BANKRUPTCY ADMINISTRATOR,<br><br>    PLAINTIFF<br><br>v.<br><br>AMRO ELANSARI; THE LAW LION, LLC,<br><br>    DEFENDANTS | Adversary Proceeding<br>No.: _____ |

## CERTIFICATE OF SERVICE

This is to certify that, on this date, the foregoing Complaint was served upon the following parties or counsel by depositing a copy in the United States mail, first class, postage prepaid, addressed as follows:

Tawana Williams
3408 Vickery Wood Place
High Point, NC 27260-2711

Brian R. Anderson, Chapter 7 Trustee, by electronic filing

DATED: June 9, 2021

                                                                                      Traci Galloway
                                                                                 Bankruptcy Analyst