**SO ORDERED.**

**SIGNED this 22nd day of April, 2022.**

_____
BENJAMIN A. KAHN
UNITED STATES BANKRUPTCY JUDGE

_____

**NOT FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Bankruptcy No. 21-10106 |
| Tawana Williams, | ) | |
| | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| William P. Miller, | ) | |
| U.S. Bankruptcy Administrator, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding |
| | ) | No. 21-02006 |
| Amro Elansari; | ) | |
| The Law Lion, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**MEMORANDUM OPINION DENYING PETITION FOR RECONSIDERATION**

This adversary proceeding is before the Court on the _Petition For Reconsideration of Order Dated 11/03/2021_ filed by Amro Elansari ("Defendant"). ECF No. 75 (the "Motion for Reconsideration"). Defendant requests the Court reconsider its orders granting _Plaintiffs' Motion to Dismiss Counterclaim of Defendant_ and denying _Defendant's Motion for Leave to File Third Party Complaint_. ECF Nos. 66 and 67, respectively. William P.

1

Miller, United States Bankruptcy Administrator for the Middle District of North Carolina, and Sarah D. Bruce, Bankruptcy Attorney for the Office of the United States Bankruptcy Administrator, by and through Sandra J. Hairston, Acting United States Attorney for the Middle District of North Carolina ("Plaintiffs"), filed a response and opposed the Motion for Reconsideration.  ECF No. 78 (the "Response").

For the following reasons, the Motion for Reconsideration is denied.

## I.   JURISDICTION AND AUTHORITY

The Court has jurisdiction over the subject matter of this case under 28 U.S.C. § 1334(a) and over this proceeding under 28 U.S.C. § 1334(b).  The United States District Court for the Middle District of North Carolina has referred this case and this proceeding to this Court under 28 U.S.C. § 157(a) by its Local Rule 83.11.  This is a core proceeding pursuant to 28 U.S.C. § 157(b), in which this Court has statutory authority to enter final judgments.  See, e.g., In re Spence, 515 B.R. 369, 372 (Bankr. M.D. Fla. 2014); In re Farris, 598 B.R. 411, 414 (Bankr. W.D. La. 2019).  The Court has constitutional authority to enter final judgment in this proceeding.

## II.   BACKGROUND

On June 9, 2021, the Bankruptcy Administrator, through Sarah D. Bruce ("Ms. Bruce") as counsel, commenced this adversary

2

proceeding by filing the *Complaint of the United States Bankruptcy Administrator for Forfeiture of Compensation, Damages, and Injunctive Relief Pursuant to 11 U.S.C. §§ 110 and 526* against Defendant and The Law Lion, LLC, Defendant's company. ECF No. 1. The Bankruptcy Administrator alleges that, among other things, Defendants Amro Elansari and The Law Lion, LLC, violated 11 U.S.C. §§ 110, 526, and 528 in various ways while acting as a bankruptcy petition preparer and a debt relief agency, respectively, in the Chapter 7 case of Tawana Williams. The Bankruptcy Administrator seeks forfeiture, turnover of fees, damages, injunctive relief, and fines against Defendants for such alleged violations.

In response to the Complaint, Defendant submitted an *Answer to the Complaint* and *Joinder of Additional Defendants*. ECF Nos. 14 and 16, respectively. The Answer responds to the individual allegations of the Complaint and asserts a Counterclaim against the Bankruptcy Administrator and Ms. Bruce in both their official and individual capacities. ECF No. 14. Defendant alleges that Plaintiffs committed the torts of: Count I - fraudulent representation, Count II - negligent misrepresentation, and Count III - frivolous or malicious actions against the Counterclaimant. Id. Defendant also raises Count IV which is a "Civil Action for Deprivation of Rights and Petition for Injunctive Relief Pursuant to 42 U.S.C. § 1983." Id. at 22.

On September 24, the United States filed a *Notice of Substitution*, substituting the United States as a party in lieu of the Bankruptcy Administrator and Ms. Bruce.  ECF No. 46 (the "Notice of Substitution").  Finding Defendants were acting within their official capacities and within the scope of employment of the United States at the time of the alleged conduct, the United States was substituted for the Bankruptcy Administrator and Ms. Bruce as the sole Counter-Defendant for purposes of Counts I through III, but not Count IV.  ECF No. 55.

Also, on September 24, the United States and Plaintiffs filed a *Motion to Dismiss the Counterclaim*, ECF No. 47 ("Motion to Dismiss the Counterclaim"), and supporting brief, ECF No. 48, arguing that Counts I through III should be dismissed for lack of subject matter jurisdiction, and Count IV should be dismissed for failure to state a claim.

On September 27, Defendant filed a *Motion for Leave to File Third Party Complaint*.  ECF No. 50 (the "Motion for Leave to File Third Party Complaint").  In response, Plaintiffs filed an objection to the motion.  ECF No. 57.

On November 3, the Court held a hearing on the Motion to Dismiss the Counterclaim and Motion for Leave to File Third Party Complaint.  Based on the hearing, the Court entered an order dismissing Defendant's counterclaim.  ECF No. 66 (the "Order Granting Motion to Dismiss Counterclaim").  Additionally, the

4

Court entered an Order denying the Motion for Leave to File Third Party Complaint. ECF No. 67 (the "Order Denying Motion for Leave to File Third Party Complaint").

On November 15, Defendant filed a *Petition For Reconsideration of Order Dated 11/03/2021*. ECF No. 75. Defendant argues that this Court should exercise supplemental jurisdiction to hear his state-law tort claims. Id. Additionally, he argues that he has grounds for reconsideration because of judicial economy and efficiency. Id.

Finally, Defendant urges this Court to construe his claims "as Bivens claims and [allow] them to proceed, rather than dismissing them on the technicality error made by a pro se litigant[.]" Id. This Court liberally construed the Motion for Reconsideration as a motion to reconsider both orders, the Order Granting Motion to Dismiss Counterclaim and the Order Denying Motion for Leave to File Third Party Complaint (ECF Nos. 66 and 67). ECF No. 76. On November 29, Plaintiffs filed a response in opposition to the Motion for Reconsideration. ECF No. 78. Plaintiffs argue that this Court lacks subject matter jurisdiction to hear Counts I through III. Id. Further, they argue that Count IV is barred by prosecutorial immunity, and it fails to state a Bivens claim. Id.

### III. STANDARD OF REVIEW

Defendant seeks relief from an order.  A litigant may seek relief from an order under Rule 9023, 9024, or 7054.  Both Fed. R. Civ. P. 59, made applicable to this adversary proceeding by Fed. R. Bankr. P. 9023, and Fed. R. Civ. P. 60, made applicable to this adversary proceeding by Fed. R. Bankr. P. 9024, are inapplicable to the orders at issue here because these rules only apply to final orders.  <u>Fayetteville Inv'rs v. Commercial Builders, Inc.</u>, 936 F.2d 1462, 1472 (4th Cir. 1991) ("[M]otion for reconsideration could not be treated under Rules 60 or 59, as these rules apply only to final judgments.").  "Judgments are generally only final where they adjudicate and resolve *all* claims as to the parties." <u>Moore v. Lightstorm Entm't</u>, Civil Action No. RWT-11-3644, 2013 U.S. Dist. LEXIS 112366, at *8 (D. Md. Aug. 8, 2013); <u>see</u> <u>Porter v. Zook</u>, 803 F.3d 694 (4th Cir. 2015); <u>see also</u> <u>Fox v. Balt. City Police Dep't</u>, 201 F.3d 526 (4th Cir. 2000).

In this case, the Order Granting Motion to Dismiss Counterclaim and Order Denying Motion for Leave to File Third Party Complaint are not final orders because they do not dispose of all the claims in the case.  "An order dismissing fewer than all claims is not a final judgment for which a Rule 60(b) or 59(e) motion is appropriate, but rather an interlocutory motion that may be contested under Rule 54(b)." <u>Moore</u>, 2013 U.S. Dist. LEXIS at *8 (citing <u>Quigley v. United States</u>, 865 F. Supp. 2d 685, 699 (D. Md.

2012); Crouch v. City of Hyattsville, Md., DKC 09-2544, 2010 U.S. Dist. LEXIS 123896, at *2 (D. Md. Nov. 23, 2010)).

Accordingly, Fed. R. Civ. P. 54, made applicable to this adversary proceeding by Fed. R. Bankr. P. 7054, governs Defendant's request for reconsideration.  Under Rule 54, "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities . . . does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."  A motion for reconsideration under Rule 54(b) is appropriate "(1) to account for an intervening change in controlling law; (2) to account for newly discovered evidence; or (3) to correct a clear error of law or prevent manifest injustice."  Hatch v. Demayo, No. 1:16CV925, 2018 U.S. Dist. LEXIS 195973, at *3 (M.D.N.C. Nov. 15, 2018) (quoting South Carolina v. United States, 232 F. Supp. 3d 785, 793 (D.S.C. 2017)). Courts have held that "reconsideration is 'an extraordinary remedy which should be used sparingly, and a motion for reconsideration is not intended to allow a party to relitigate matters the court has previously heard.'"  In re TP, Inc., 486 B.R. 698, 700 (Bankr. E.D.N.C. 2013) (quoting In re L.L. Murphrey Co., No. 12-03837-8-JRL, 2012 Bankr. LEXIS 4768, at *2 (Bankr. E.D.N.C. Oct. 11, 2012)).  Such motions "should not be used to rehash arguments the court has already considered" or "to raise new arguments or

evidence that could have been raised previously." <u>South Carolina</u>, 232 F. Supp. 3d at 793.

The first two grounds under Rule 54(b) are inapplicable to this case. Defendant must show that there is a clear error to correct or that injustice would occur without reconsideration. The Court finds there is no justification for the Court to reconsider its previous orders.

### IV.  CONCLUSIONS OF LAW

**A.   This Court does not have jurisdiction over Counts I through III because this Court cannot exercise supplemental jurisdiction.**

The Court considers jurisdiction before deciding the merits of the case. <u>Whitmore v. Arkansas</u>, 495 U.S. 149, 154 (1990) ("[B]efore a federal court can consider the merits of a legal claim, the person seeking to invoke the jurisdiction of the court must establish the requisite standing to sue.").

### 1.   This Court cannot exercise supplemental jurisdiction under 11 U.S.C. § 1367.

Defendant urges the Court to use supplemental jurisdiction to hear Counts I through III. Even if the Court found that Defendant exhausted his administrative remedies, this Bankruptcy Court cannot exercise supplemental jurisdiction. It is settled that "Congress has never expressly authorized bankruptcy courts to exercise supplemental jurisdiction." <u>In re Gaitor</u>, AP No. 14-9059, 2015 WL 4611183, *7 (Bankr. M.D.N.C. July 13, 2015).

Additionally, "neither the Supreme Court nor the Fourth Circuit has determined whether bankruptcy courts may exercise supplemental jurisdiction." Id. This Court held that bankruptcy courts "lack statutory authority to exercise supplemental jurisdiction under 28 U.S.C. § 1367." Id. Therefore, this Court lacks supplemental jurisdiction under 28 U.S.C. § 1367.

Defendant further argues that judicial economy and efficiency should encourage this Court to use supplemental jurisdiction to hear Defendant's claims. However, "[w]here a bankruptcy court has no statutory or constitutional authority to hear a claim, the interest of judicial economy cannot create jurisdiction." Id. at *26-27 (citing Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984)). Cf., Gaitor, 2015 WL 4611183 at *8 ("The fact that it might be convenient for the [litigant] to adjudicate his state law claims alongside his claim for violation of the discharge injunction has no effect on this Court's jurisdiction. * * * Where a bankruptcy court has no statutory or constitutional authority to hear a claim, the interest of judicial economy cannot create jurisdiction.").

This Court does not have statutory or constitutional authority to use supplemental jurisdiction to hear Counts I through III. Since the Order Granting Motion to Dismiss Counterclaim reached the same conclusion, there is no clear error of law to be

corrected.  The Court finds no reason to reconsider its previous decision dismissing Counts I through III.

**B.    The Court finds no reason to reconsider its decision on Count IV because the Court did not make an error of law and a <u>Bivens</u> claim is futile.**

For the first time, Defendant argues that Count IV should be construed as a <u>Bivens</u> claim.  In Count IV, Defendant alleges that Plaintiffs filed the Complaint with fraudulent and false accusations against him that lacked any basis in fact.  ECF No. 14, ¶¶ 45 & 46.  In so doing, Defendant now asserts that such actions violated his due process rights under the Fifth and Fourteenth Amendments and gave rise to a <u>Bivens</u> claim.

The Supreme Court has held that "a pro se complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers.'"  <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976) (quoting <u>Haines v. Kerner</u>, 404 U.S. 519 (1972)); <u>Jackson v. Lightsey</u>, 775 F.3d 170, 178 (4th Cir. 2014) (noting that a pro se complaint should be liberally construed). Because Defendant is pro se, this Court has liberally construed Count IV and considered the Motion for Reconsideration as a motion for leave to amend Count IV to assert a <u>Bivens</u> claim.

Under Fed. R. Civ. P. 15(a)(2), "[a] party may amend its pleading only with the opposing party's written consent or the

court's leave."[1]   Under Fed. R. Bankr. P. 9013, and unless made during a hearing, "a request for leave to amend must be made by motion."  Zinn v. Mortg. Lender of Am. & Co. (In re Zinn), Nos. 13-14270-LSS (Chapter 13), 13-00708-LSS, 2017 Bankr. LEXIS 154, at *49 (Bankr. D. Md. Jan. 17, 2017).  The leave to amend should be denied "only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile."  Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).  "A proposed amendment is futile when it is 'clearly insufficient or frivolous on its face' or if the claim it presents would not survive a motion to dismiss."  Save Our Sound OBX, Inc. v. N.C. DOT, 914 F.3d 213, 228 (4th Cir. 2019); see Johnson, 785 F.2d at 510; Perkins v. United States, 55 F.3d 910, 917 (4th Cir. 1995).

Defendant fails to assert a Bivens claim, and the proposed amendment would be futile.  In Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971), the Supreme Court "held that the Fourth Amendment guarantee against 'unreasonable searches and seizures' was a constitutional right which Bivens could enforce through a private cause of action, and that a damages remedy was an appropriate form of redress."  Davis v. Passman, 442 U.S. 228,

---

[1] Plaintiffs do not consent to the amended pleading.

234 (1979) (citing Butz v. Economou, 438 U.S. 478 (1978)).  Thus, the Court recognized an implied damages remedy "to compensate persons injured by federal officers who violated the prohibition against unreasonable search and seizures."  Ziglar v. Abbasi, 137 S. Ct. 1843, 1854 (2017).

The Court has expanded Bivens remedies in a Fifth Amendment gender-discrimination case, Davis, 442 U.S. at 228, and in an Eighth Amendment Cruel and Unusual Punishments Clause case, Carlson v. Green, 446 U.S. 14 (1980).  Abbasi, 137 S. Ct. at 1848.  After these cases, however, "the Court has made clear that expanding the Bivens remedy is now a 'disfavored' judicial activity."  Id. at 1857 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)).  A Bivens remedy "has not been extended to new contexts for the past 30 years."  Doe v. Meron, 929 F.3d 153, 168 (4th Cir. 2019) (citing Abbasi, 137 S. Ct. at 1857).  Furthermore, "the [United States Supreme] Court has generally expressed doubt about its authority to recognize causes of action not expressly created by Congress."  Hernandez v. Mesa, 140 S. Ct. 735, 739 (2020).

In this case, Defendant is not seeking remedy under the Fourth Amendment, under the Fifth Amendment for a gender discrimination claim, or under Eighth Amendment for cruel and unusual punishment.  Defendant argues that Plaintiffs' false allegations violate his Fifth and Fourteenth Amendment due process rights.  ECF No. 75.

The Court must use a two-step inquiry when considering whether to extend <u>Bivens</u>.  The first inquiry asks "whether the request involves a claim that arises in a new context or involves a new category of defendants."  <u>Hernandez</u>, 140 S. Ct. at 739 (internal quotations omitted)(citation omitted).  "If the case is different in a meaningful way from previous <u>Bivens</u> cases decided by this Court, then the context is new."  <u>Id.</u> (citing <u>Abbasi</u>, 137 S. Ct. at 1859).  "A claim may arise in a new context even if it is based on the same constitutional provision as a claim in a case in which a damages remedy was previously recognized."  <u>Id.</u> at 743.

This case presents a new <u>Bivens</u> context.  While Defendant is claiming a violation of his Fifth Amendment right, this is different from a Fifth Amendment gender discrimination claim.[2]  No Court has treated a Fifth Amendment nor Fourteenth Amendment due process right violation as a <u>Bivens</u> claim.[3]  Thus, this case offers a new <u>Bivens</u> context.

For the second inquiry, if a new context or new category has arisen, then the Court asks "whether there are any 'special factors [that] counsel[l] hesitation' about granting the extension."  <u>Hernandez</u>, 140 S. Ct. at 739; (citing <u>Abbasi</u>, 137 S. Ct. at 1857).

---

[2] The Fourth Circuit Court of Appeals recognized that "<u>Bivens</u> has never 'been extended to a Fifth Amendment due process claim.'"  <u>Annappareddy v. Pascale</u>, 996 F.3d 120, 134 (4th Cir. 2021).

[3] Furthermore, the Fourteenth Amendment due process clause does not apply to this case because it applies to only to the states.  Since there are no state actors here, the clause is irrelevant.

13

If there are special factors, the request for extending Bivens must be rejected. Id. at 743 (finding that "[i]f there are [special factors that counsel hesitation]—that is, if we have reason to pause before applying Bivens in a new context to a new class of defendants—we reject the request"). The Supreme Court has "not attempted to 'create an exhaustive list'" of the special factors but has explained that separation of powers principles is central to the analysis. Hernandez, 140 S. Ct. at 735 (citation omitted). "[T]he inquiry must concentrate on whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed." Abbasi, 137 S. Ct. at 1857-58 (2017). In most instances, Congress is in better position to make such determination.

In this case, special factors are present that prohibit recognizing the proposed new Bivens claim. One factor is the available alternative remedies. The Supreme Court has held that "if there is an alternative remedial structure present in a certain case, that alone may limit the power of the Judiciary to infer a new Bivens cause of action." Abbasi, 137 S. Ct. at 1858; see Annappareddy, 996 F.3d at 137. There are sufficient remedies under the Federal Rules of Bankruptcy Procedure with respect to litigants filing false or frivolous pleadings. A Bivens claim is not the sole way that Defendant can seek a remedy.

14

Another factor is "the length of time Congress has gone without statutorily creating a <u>Bivens</u>-type remedy for this context." <u>Cantu v. Moody</u>, 933 F.3d 414, 423 (5th Cir. 2019). The Supreme Court has stated that "for almost 40 years, [the U.S. Supreme Court has] consistently rebuffed requests to add to the claims allowed under <u>Bivens</u>." <u>Hernandez</u>, 140 S. Ct. at 743. Factual disputes are ubiquitous in the federal courts, and remedies exist for frivolous and contumacious litigation. No court has expanded <u>Bivens</u> to these contexts.

Therefore, Defendant fails to assert a <u>Bivens</u> claim.[4] Thus, there is no clear error of law to be corrected, Defendant will not be granted leave to amend his counterclaim, and the Motion for Reconsideration is denied.

### V.  CONCLUSION

For the reasons set forth above, the Court will enter its order denying the Motion for Reconsideration.

[END OF DOCUMENT]

---

[4] Because the proposed amendment fails to state a <u>Bivens</u> claim, the Court does not need to consider or address prosecutorial immunity.

PARTIES TO BE SERVED
Case No. 21-02006

All parties to this Adversary Proceeding.