**SO ORDERED.**

**SIGNED this 22nd day of April, 2022.**

_____
BENJAMIN A. KAHN
UNITED STATES BANKRUPTCY JUDGE

---

**NOT FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 21-10106 |
| | ) | |
| Tawana Williams, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| William P. Miller, | ) | |
| U.S. Bankruptcy Administrator, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Pro. No. 21-02006 |
| | ) | |
| Amro Elansari and The Law | ) | |
| Lian, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM OPINION DENYING MOTIONS TO DISMISS**

Amro Elansari ("Defendant") appears in this matter pro se.
On July 26, 2021, Defendant filed his *Answer and New Matter*
("Answer"). ECF No. 14. In his Answer, Defendant asserts the
affirmative defense under Fed. R. Civ. P. 12(b)(6), made applicable
to this adversary proceeding by Fed. R. Bankr. P. 7012, that the

1

Complaint fails to state a claim upon which relief may be granted. After filing his Answer, Defendant further filed his *Defendant's Motion to Dismiss Pursuant to 12(b)(6)*, ECF No. 63 (the "Second Motion to Dismiss"), and the *Motion to Dismiss Pursuant to Article III Constitution/Unconstitutionality of the Instant Action*, ECF No. 79 (the "Constitutional Challenge").

For the following reasons, the defense for failure to state a claim will be overruled, and the Motion to Dismiss will be denied.  For the avoidance of doubt, and because the other filings contain overlapping, similar, and sometimes identical arguments, the Second Motion to Dismiss, as defined below, similarly will be denied.

## I.   JURISDICTION AND AUTHORITY

The Court has jurisdiction over the subject matter of this case under 28 U.S.C. § 1334(a) and over this proceeding under 28 U.S.C. § 1334(b).  The United States District Court for the Middle District of North Carolina has referred this case and this proceeding to this Court under 28 U.S.C. § 157(a), by its Local Rule 83.11.  This is a core proceeding under 28 U.S.C. § 157(b), in which this Court has statutory authority to enter final judgments.  See e.g., In re Spence, 515 B.R. 369, 372 (Bankr. M.D. Fla. 2014); In re Farris, 598 B.R. 411, 414 (Bankr. W.D. La. 2019). The Court has constitutional authority to enter final judgment in this proceeding.

2

## II.   BACKGROUND

### A.   Factual Background.[1]

The Law Lion, LLC ("Law Lion") is a Pennsylvania limited liability company created on December 18, 2020.[2]  Defendant is the Law Lion, LLC's organizer.  As part of Tawana William's ("Debtor") bankruptcy filing, Debtor paid or agreed to pay Defendant to help fill her bankruptcy forms.  Debtor was referred to Defendant by family members but contacted him through an advertisement on the "legal services" section of the website craigslist.com.  That advertisement read, in part:

> SUE ANYONE-$120 + Court Fees
> Someone giving you a problem? Lawyer Too Busy?
> SUE 'EM-it's just a few forms I can fill out and type up-
> I am a paralegal that does a lot of legal writing-I write the lawsuit for you
> We file it and SUE 'EM
> Housing Issue? SUE 'EM
> Business Issue? SUE 'EM
> You have the right to sue people if you need help with an issue-just a few forms at your local court.
> $120-I write the paperwork for you legal style-we file it and serve it and GET THEM IN COURT.

Using the questionnaire and a credit report, Defendants completed Debtor's petition, schedules, and statements.  Debtor paid Defendants $120.00 for the services.  Defendants did not

---

[1] This matter is before the Court on Defendant's Motion to Dismiss.  Therefore, the Court must accept the facts in the Complaint as true and in a light most favorable to Plaintiff.  The Court may not consider Defendant's many factual arguments at this stage in the litigation.

[2] Law Lion and Defendant shall be collectively referred to as "Defendants."

provide a signed Official Form 119 before accepting the payment from Debtor.

Debtor filed the Official Form 119, Bankruptcy Petition Preparer's Notice, Declaration, and Signature. The Form 119 identifies Defendants as bankruptcy petition preparers and provides their address. The Form did not include an identifying number for either Defendants or a signature.

**B.   Procedural Background**

On June 9, 2021, William P. Miller, Bankruptcy Administrator for the Middle District of North Carolina ("Bankruptcy Administrator"), commenced the above-captioned adversary proceeding by filing his *Complaint of the United States Bankruptcy Administrator for Forfeiture of Compensation, Damages, and Injunctive Relief Pursuant to 11 U.S.C. §§ 110 and 526* against Defendants Amro Elansari and The Law Lion, LLC. ECF No. 1 ("Complaint"). The Bankruptcy Administrator alleges, among other things, Defendants violated 11 U.S.C. §§ 110, 526, and 528 while acting as bankruptcy petition preparers and as a debt relief agency in the Chapter 7 case of Tawana Williams. The Bankruptcy Administrator seeks forfeiture and turnover of fees, damages, injunctive relief, and fines against Defendants for these alleged violations.

Law Lion did not respond to the Complaint. On July 26, 2021, Defendant filed several documents, including the Answer. In his

4

Answer, Defendant responded to the individual allegations of the Complaint and asserted a Counterclaim against the Bankruptcy Administrator and Sarah D. Bruce ("Counterclaims"). Defendant also asserts various defenses, including that the Court lacks subject matter jurisdiction and that each cause of action fails to state a claim for relief. ECF No. 14, pp. 15-16.

On October 20, 2021, Defendant filed *Defendant Motion to Dismiss Pursuant to 12(b)(6)*, ECF No. 63 (the "Second Motion to Dismiss"), and the accompanying *Brief in Support of Defendant Motion to Dismiss Pursuant to 12(b)(6)*, ECF No. 64 (the "Brief"). The Court entered an Order on November 5, 2021 "constru[ing] the brief in support of the untimely [Second Motion to Dismiss] in support of the defense in the Answer." ECF No. 68. Plaintiff had 30 days from the November 3, 2021 hearing to respond to Defendant's brief. Id. On December 3, 2021, Plaintiffs filed *Plaintiff's Response in Opposition to Defendant's Brief in Support of Rule 12(b)(6) Defense*. ECF No. 83 ("Plaintiff's Response").

In his Second Motion to Dismiss, Defendant argues that "Plaintiff failed to claim material defects of foul play . . . [and] [t]he Plaintiff failed to show proof of actual misconduct such communication where the Defendant advises or informs anyone of anything." ECF No. 63, pp. 1-2. Further, Defendant argues that Plaintiff failed to mitigate damages and that they committed fraud in filing the instant matter. Id. at p. 2. Finally,

5

Defendant contends that he does not qualify as a bankruptcy petition preparer. Id. The Brief solely focused on whether Defendant was a bankruptcy petition preparer and the limited services that Defendant provided to Debtor.

On December 2, 2021, Defendant filed a third motion to dismiss, the *Motion to Dismiss Pursuant to Article III Constitution/Unconstitutionality of the Instant Action*, ECF No. 79 (the "Constitutional Challenge"), and the *Brief in Support of Motion to Dismiss Pursuant to Article III Constitution/Unconstitutionality of the Instant Action*, ECF No. 80 (the "Brief in Support of the Constitutional Challenge"). In the Constitutional Challenge, Defendant alleges that 11 U.S.C § 110 is unconstitutional because it limits freelance writers and unconstitutionally infringes on their right to contract. Defendant claims that he was merely a scrivener or free-lance writer, and § 110 unconstitutionally infringes on his right to contract with Debtor for writing services.

On January 7, 2022, Defendant filed two additional documents pertinent to the Motion to Dismiss.[3]  Defendant filed the *Supplemental Brief in Support of Motion to Dismiss Pursuant to Article III Constitution/Unconstitutionality* and the *Reply Brief in Support of Motion to Dismiss pursuant to Article III*

---

[3] Defendant did not request leave to file additional pleadings in support of his Motion. However, the Court will consider the pleadings in its ruling.

*Constitution/Unconstitutionality.* ECF Nos. 92 & 93, respectively. Both briefs challenge the constitutionality of 11 U.S.C § 110 under a theory that the statute violates Defendant's freedom of contract under the due process clause of the Fifth Amendment to the Constitution, as determined in <u>Lochner v. New York</u>, 198 U.S. 45 (1905).

### III. STANDARD OF REVIEW

Defendant contends that the Complaint should be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Instead, and because Defendant has already filed an answer, the appropriate avenue to bring an affirmative defense arguing a deficiency in the claim for relief is through Rule 12(c). <u>Walker v. Kelly</u>, 589 F.3d 127, 139 (4th Cir. 2009) ("Because the Commonwealth filed its answer to Walker's petition and its motion to dismiss simultaneously, it technically should have filed the motion under Rule 12(c) as one for judgment on the pleadings.")(considering the motion to dismiss despite the procedural deficiency). Whether the motion to dismiss is under Rule 12(b)(6) or 12(c), the standards are the same.

> A motion for judgment on the pleadings under Rule 12(c) is assessed under the same standards as a motion to dismiss under Rule 12(b)(6). . . . A motion to dismiss tests the sufficiency of a complaint. To survive such a motion, the complaint must contain facts sufficient to raise a right to relief above the speculative level and state a claim to relief that is plausible on its face. Although a motion pursuant to Rule 12(b)(6) invites an inquiry into the legal sufficiency of the complaint, not

>an analysis of potential defenses to the claims set forth
>therein, dismissal nevertheless is appropriate when the
>face of the complaint clearly reveals the existence of
>a meritorious affirmative defense.

Columbia v. Haley, 738 F.3d 107, 115-16 (4th Cir. 2013)(internal citations and quotations omitted).

As stated by the Fourth Circuit, the standards set forth in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009), guide the Court in determining whether to dismiss a complaint. A complaint should survive a motion to dismiss if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570).

>A claim has facial plausibility when the plaintiff
>pleads factual content that allows the court to draw the
>reasonable inference that the defendant is liable for
>the misconduct alleged. The plausibility standard is
>not akin to a "probability requirement," but it asks for
>more than a sheer possibility that a defendant has acted
>unlawfully. Where a complaint pleads facts that are
>"merely consistent with" a defendant's liability, it
>"stops short of the line between possibility and
>plausibility of 'entitlement to relief.'

Id. (citations omitted).

## IV. DISCUSSION

Defendant raised a constitutional argument in the Third Motion to Dismiss. ECF No. 79. Defendant argues that 11 U.S.C. § 110 is both facially unconstitutional and unconstitutional as applied to him. Defendant argues that he did not do the things alleged in the Complaint, and therefore the statute is

8

unconstitutional as proposed to be applied to him. Since the remaining motion to dismiss would be moot if § 110 is unconstitutional, the Court will first consider Defendant's constitutional attack on § 110.

**A.    Regulating bankruptcy petition preparers under 11 U.S.C. § 110 does not violate any freedom of contract under the U.S. Constitution.**

A number of courts have overruled various Constitutional challenges to § 110. See, e.g., In re Doser, 412 F.3d 1056 (9th Cir. 2005) (holding that § 110 was not unconstitutionally vague and did not violate the petition preparer's First Amendment rights by restricting the information that she could provide to her customers); Wynns v. Adams, 426 B.R. 457 (E.D.N.Y. 2010) (holding that sanctions for even minor violations of § 110 did not violate the petition preparer's due process rights), aff'd, 435 Fed. Appx. 27 (2d Cir. 2011); In re Douglas, 304 B.R. 223 (Bankr. D. Md. 2003) (holding that § 110 did not violate a petition preparer's First Amendment rights of freedom of speech); In re Kaitangian, 218 B.R. 102 (Bankr. S.D. Cal. 1998) (finding that the prohibition against misleading advertisements does not violate First Amendment rights, or "the right to pursue [defendant's] chosen calling or profession" under the Equal Protection Clause); In re Adams, 214 B.R. 212 (B.A.P. 9th Cir. 1997) (holding that the requirement for a petition preparer to disclose her social security number did not violate her constitutional right of privacy). The statue similarly

withstands constitutional scrutiny under Defendant's related due process challenges here.  "The party challenging the statute has the burden of proving that it is unconstitutional." Kaitangian, 218 B.R. at 107 (citing In re Raush, 197 B.R. 109, 117 (Bankr. D. Nev. 1996)).  Defendant has failed to carry that burden.

The Fifth and Fourteenth Amendment to the United States Constitution, in relevant part, "speaks of liberty and prohibits the deprivation of liberty without due process of law." W. Coast Hotel Co. v. Parrish, 300 U.S. 379, 391 (1937).  "It has been held that the right to make contracts is embraced in the conception of liberty as guaranteed by the Constitution." Chi., B. & Q. R. Co. v. McGuire, 219 U.S. 549, 566 (1911) (citations omitted).

An unlimited freedom of contract, though, has never been part of the due process jurisprudence. E.g., Lochner v. New York, 198 U.S. 45, 53-54 (1905)("Contracts in violation of a statute, either of the Federal or state government, or a contract to let one's property for immoral purposes, or to do any other unlawful act, could obtain no protection from the Federal Constitution, as coming under the liberty of person or of free contract."); Parrish, 300 U.S. at 392 (quoting McGuire, 219 U.S. at 567 ("But it was recognized in the cases cited, as in many others, that freedom of contract is a qualified and not an absolute right.  There is no absolute freedom to do as one wills or to contract as one chooses.")).  Even at its height, there were examples of legitimate

10

laws restricting a person's right to contract.  See Parrish, 300 U.S. at 397.

Since these cases, the freedom of contract has been limited in its concept, and regulating this freedom is left to the general discretion of the legislature.  Day-Brite Lighting, Inc. v. Missouri, 342 U.S. 421, 423 (1952).  As the Supreme Court has said, "[i]t is by now well established that legislative Acts adjusting the burdens and benefits of economic life come to the Court with a presumption of constitutionality, and that the burden is on one complaining of a due process violation to establish that the legislature has acted in an arbitrary and irrational way."  Usery v. Turner Elkhorn Mining Co., 428 U.S. 1, 15 (1976)(superseded by statute on other grounds); see Williamson v. Lee Optical of Okla., Inc., 348 U.S. 483, 488 (1955) (citing Nebbia v. New York, 291 U.S. 502 (1934); Parrish, 300 U.S. 379; Olsen v. Nebraska, 313 U.S. 236 (1941); Lincoln Fed. Labor Union v. Nw. Iron & Metal Co., 335 U.S. 525 (1949); Daniel v. Family Sec. Ins. Co., 336 U.S. 220 (1949); Day-Brite Lighting, 342 U.S. 421); Austin Apartment Ass'n v. City of Austin, 89 F. Supp. 3d 886, 898 (W.D. Tex. 2015).  A statute regulating economic conduct is unconstitutional only if it "is clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare."  Ferm v. United States Tr. (In re Crawford), 194 F.3d 954, 962 (9th Cir. 1999)(internal citations omitted); see Ferguson v. Skrupa,

372 U.S. 726 (1963)(upholding a statute that disallowed non-attorneys from acting as "debt relief" agencies.)("The doctrine that prevailed in <u>Lochner</u>, <u>Coppage</u>, <u>Adkins</u>, and <u>Burns</u>, and like cases . . . has long since been discarded[,]" and "[l]egislative bodies have broad scope to experiment with economic problems . . ..").

"The purpose of [§ 110] was to address the proliferation of bankruptcy petition preparers not employed or supervised by attorneys and to enact limitations on and standards for the types of activities in which bankruptcy petition preparers could be engaged, particularly with respect to providing legal advice and engaging in the unauthorized practice of law." <u>In re Evans</u>, 413 B.R. 315, 319-20 (Bankr. E.D. Va. 2009) (citing <u>In re Springs</u>, 358 B.R. 236, 241 (Bankr. M.D.N.C. 2006); <u>Crawford</u>, 194 F.3d at 960, cert. denied, 528 U.S. 1189, 120 S. Ct. 1244, 146 L. Ed. 2d 102 (2000); <u>In re Moffett</u>, 263 B.R. 805, 812-13 (Bankr. W.D. Ky. 2001); <u>In re Farness</u>, 244 B.R. 464, 467 (Bankr. D. Idaho 2000); <u>In re Graham</u>, Nos. 02-81930C-7D, 02-82065C-7D, 2004 Bankr. LEXIS 1678, at *7 (Bankr. M.D.N.C. Feb. 10, 2004)). As Congressman Jack Brooks explained:

> Bankruptcy petition preparers not employed or supervised by any attorney have proliferated across the country. While it is permissible for a petition preparer to provide services solely limited to typing, far too many of them also attempt to provide legal advice and legal services to debtors. These preparers often lack the necessary legal training and ethics regulation to

provide such services in an adequate and appropriate
manner. The services may take unfair advantage of
persons who are ignorant of their rights both inside and
outside the bankruptcy system.

Keith M. Lundin, Lundin On Chapter 13, § 4.2, at ¶ 2,
LundinOnChapter13.com (last visited April 22, 2022) (quoting 140
Cong. Rec. H10,770 (daily ed. Oct. 4, 1994)).

Congress has acted with clear intent when enacting the
statutes governing bankruptcy petition preparers.  Section 110
regulates scrivener and writing services to ensure these
professionals do not advise clients in areas that are reserved for
legal professionals.  Congress' intent is to safeguard debtors
from any misleading advice in filing their petitions.  To reach
this objective, § 110 creates certain standard forms that preparers
must use and certain forms that they file with courts.  The
reporting requirements ensure the Court can protect fairness and
debtors' interests, and the disclosures directly protect debtors
and the integrity of the bankruptcy system.  Requiring certain
qualifications in a profession does not violate substantive due
process rights such as freedom of contract. E.g. Skrupa, 372 U.S.
726.  For these reasons, Congress did not act arbitrarily when
enacting § 110, and the section therefore does not violate the
right to contract under the United States Constitution.

Applying the statute in this case similarly does not
arbitrarily infringe on Defendant's right to contract.  There is

nothing that prohibits Defendant, as a non-attorney writer or scrivener, from functioning as a bankruptcy petition preparer or charging $120.00. Instead, there are certain safeguards that these professionals must adhere to when completing forms on behalf of debtors. According to the Complaint,[4] Defendant contracted with Debtor to help her with preparing official court forms. When Defendant prepared official forms, rather than any other writing that Defendant contends, Defendant fell into the class of professionals that are subject to reporting requirements.

Therefore, Defendant's motion to dismiss on constitutional grounds is denied.

**B.   The Complaint includes sufficient factual information to present a plausible claim for relief under 11 U.S.C. § 110.**

"Among other things, [§ 110] requires the [bankruptcy] petition preparer to provide written notice informing the debtor that he is not an attorney and may not give legal advice or practice law[,] . . . [t]he petition preparer is also required to disclose all fees received from the debtor within the 12 months before the petition was filed and any remaining unpaid fee charged to the debtor[,] . . . [and the] statute prohibits the petition preparer from: executing any documents on behalf of the debtor or providing legal advice, § 110(e), Bankruptcy Code; using the word 'legal' or

---

[4] Defendant disputes the allegations in the Complaint. To the extent, if any, that the Court determines Defendant did not in fact commit the alleged actions in violation of § 110, the statute is not unconstitutional as applied.

any similar term in advertisements, § 110(f), Bankruptcy Code; and collecting any court filing fees from the debtor, § 110(g), Bankruptcy Code." In re Evans, 413 B.R. 315, 320 (Bankr. E.D. Va. 2009). "The statute provides a variety of sanctions for any violations, including disgorgement of some or all fees charged, § 110(h)(3), Bankruptcy Code; fines, § 110(l)(1), Bankruptcy Code; compensatory and statutory damages, § 110(i)(1), Bankruptcy Code; and injunctive relief, § 110(j), Bankruptcy Code." Id.

In order to be liable under the statute, Defendant must fall into the class regulated by the statute, and the Complaint must support a plausible claim for relief under each cause of action. Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570).

1. **The Complaint includes sufficient facts, taken as true, to present a plausible claim that Defendant is a Bankruptcy Petition Preparer.**

Defendant contends that because his activities described in the Complaint are as a typist and freelance writer, he has acted in a way that disqualifies himself as a bankruptcy petition preparer. On the contrary, a writer or typist who employs his trade in completing official forms on behalf of another, forms prepared by the judiciary, is preparing legal forms.

Section 110 applies to all bankruptcy petition preparers, or "a person, other than an attorney for the debtor or an employee of such attorney under the direct supervision of such attorney, who prepares for compensation a document for filing." 11 U.S.C. §

15

110(a).   Preparing  documents  requires  rudimentary  work  and
includes  (and  is  in  fact  limited  to)  scrivener  services  or  a
typist,  rather  than  any  advisory  role.   In re Lazarus, No. 05-
80274C-7D,  2005 Bankr. LEXIS 1093,  at  *12  (Bankr. M.D.N.C. Mar.
14,  2005);  In re Graham,  Nos. 02-81930C-7D,  02-82065C-7D,  2004
Bankr.  LEXIS  1678,  at  *24  (Bankr.  M.D.N.C.  Feb.  10,  2004)
(distinguished on state law grounds); In re Johnson, No. 16-30809,
2016 Bankr. LEXIS 3526, at *12 (Bankr. W.D.N.C. Sep. 28, 2016); In
re Howerton, No. 04-12819, 2004 Bankr. LEXIS 2695, at *11 (Bankr.
M.D.N.C.  Nov.  24,  2004)  (deciding  a  debts  status  as  secured  or
unsecured, determining exemptions after receiving information from
debtor, and providing the relevant forms are acts that exceed the
bankruptcy petitions preparers' duties); In re Guttierez, 248 B.R.
287, 298 (Bankr. W.D. Tex. 2000)).  A "'document for filing' means
a  petition  or  any  other  document  prepared  for  filing  by  a  debtor
in  a  United  States  bankruptcy  court  or  a  United  States  district
court  in  connection  with  a  case  under  this  title."   § 110(a)(2).

Here,  Defendant  concedes  that  he  acted  as  "a  typist  and
freelance writer" in connection with preparing Debtor's petition
and  schedules.   The  Complaint  further  alleges  that  Defendant
administered  a  questionnaire  to  Debtor  and  requested  a  credit
report  so  that  Defendant  could  complete  Debtor's  bankruptcy
petition forms.  ECF No. 1, p. 3.  Debtor paid Defendants $120.00
to  prepare  her  petitions,  schedules,  and  statements.   Id.   The

16

Court must accept these allegations as true for purposes of the Motion to Dismiss. Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). Therefore, the Complaint plausibly states sufficient allegations to support a claim that Defendant acted as a petition preparer.

**2. The Complaint includes enough facts to support claims for relief under §§ 110(h)(3)(B).**

Section 110(h)(3)(B) provides that "[a]ll fees charged by a bankruptcy petition preparer may be forfeited in any case in which the bankruptcy petition preparer fails to comply with this subsection or subsection (b), (c), (d), (e), (f), or (g)." Under § 110(l)(1), "[a] bankruptcy petition preparer who fails to comply with any provision of subsection (b), (c), (d), (e), (f), (g), or (h) may be fined not more than $500 for each such failure."

Subsection (h)(2) requires that "[a] declaration under penalty of perjury by the bankruptcy petition preparer shall be filed together with the petition, disclosing any fee received from or on behalf of the debtor within 12 months immediately prior to the filing of the case, and any unpaid fee charged to the debtor." Subsection (b) requires that the preparer print and sign the documents prepared for filing, and subsection (c) requires that the preparer include an identifying number. Under § 110(l)(1), each document that is prepared by a preparer and has a similar deficiency, such as the petition, schedules, and statements of

17

intention, carries a separate fine.  <u>In re Springs</u>, 358 B.R. 236, 241-42 (Bankr. M.D.N.C. 2006).

According to the Complaint, Debtor's petitions did not include any signature from Defendant or any identifying numbers. ECF No. 1, p. 2.  Defendant did not file a declaration regarding his fees.  Therefore, the Complaint plausibly alleges a claim for violation of the statute, and Defendant's Motion to Dismiss as to Claim 2 and 5 is denied.

3. **The Complaint includes sufficient facts to support claims for relief under §§ 110(i)(1) and under (j)(2)(A) and (B).**

Under § 110(i)(1), "[i]f a bankruptcy petition preparer violates this section or commits any act that the court finds to be fraudulent, unfair, or deceptive, on the motion of the debtor, trustee, United States trustee (or the bankruptcy administrator, if any), and after notice and a hearing, the court shall order the bankruptcy petition preparer to pay to the debtor . . ." certain damages.  Under § 110(j)(2)(A), injunctive relief is appropriate if the court finds that a preparer has "(I) engaged in conduct in violation of this section or of any provision of this title; (II) misrepresented the preparer's experience or education as a bankruptcy petition preparer; or (III) engaged in any other fraudulent, unfair, or deceptive conduct."  The conduct enjoined is dependent on the level of misconduct.  <u>See</u> § 110(j)(2)(A)(ii); <u>compared to</u> § 110(j)(2)(B).

"Courts have determined that a petition preparer who engages in the unauthorized practice of law commits an unfair or deceptive act pursuant to Section 110(i) and that the conduct may also subject the petition preparer to an injunction under Section 110(j) for engaging in 'fraudulent, unfair or deceptive conduct.'" Springs, 358 B.R. at 246 (citing In re Moore, 283 B.R. 852, 857 (Bankr. E.D.N.C. 2003)). The unauthorized practice of law includes when a bankruptcy petition preparer uses their "discretion, experience, and knowledge to provide the Debtor with advice and legal citations concerning the completion of his bankruptcy documents, including [schedules]." Springs, 358 B.R. at 245. Legal advice includes advice "concerning how to characterize the nature of the debtor's interests in property or the debtor's debts. § 110(e)(2)(B)(vi).

The Complaint alleges that Defendant prepared the bankruptcy forms by using a credit report and certain questionnaires. ECF No. 1, p. 3. Further, according to the Complaint, Defendant's advertisements included statements like "I write the lawsuit for you . . . We file it and SUE 'EM" and "$120-I write the paperwork for you legal style-we file it and serve it and GET THEM IN COURT." Id. Viewing these allegations in the light most favorable to Plaintiff as the Court must at this stage of the litigation, Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570), Defendant used his discretion, experience, and knowledge to convert information

19

in a credit report and questionnaire to the information and classifications necessary in the forms. Accepting these allegations as true and construing them in a light most favorable to Plaintiffs, Defendant gave advice on how to classify the interest in property as either secured or unsecured, and how to claim exemptions. These facts plausibly state a claim under § 110(e)(2). Defendant's Motion to Dismiss as to Claims 3 & 4 is denied.

**C.  The Complaint includes sufficient factual information to present a plausible claim for relief under 11 U.S.C. § 526, 527, and 528.**

Under 11 U.S.C. § 526(c)(2), "[a]ny debt relief agency shall be liable to an assisted person in the amount of any fees or charges in connection with providing bankruptcy assistance to such person that such debt relief agency has received, for actual damages, and for reasonable attorneys' fees and costs if such agency is found, after notice and a hearing, to have—(A) intentionally or negligently failed to comply with any provision of this section, section 527, or section 528 with respect to a case or proceeding under this title for such assisted person[.]" Additionally, "if the Court, on the motion of the [Bankruptcy Administrator], finds that a person intentionally violated this section, or engaged in a clear and consistent pattern or practice of violating this section, the court may- (A) enjoin the violation of such section[.]" § 526(c)(5). A "debt relief agency" includes

"any person . . . who is a bankruptcy petition preparer under section 110[.]" § 101(12A).  Pertinent here, § 527(a)(1) requires that a debt relief agency provide the relevant information under § 342(b)(1), or "a brief description of— (A)chapters 7, 11, 12, and 13 and the general purpose, benefits, and costs of proceeding under each of those chapters; and (B) the types of services available from credit counseling agencies[.]"  Under Fed. R. Civ. P. Rule 9(b), "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  A complaint sufficiently pleads a condition of a person's mind if "plaintiff pleads sufficient facts or events that give rise to an inference of intent." Walter v. Freeway Foods, Inc. (In re Freeway Foods of Greensboro, Inc.), 467 B.R. 853, 865 (Bankr. M.D.N.C. 2012).

Based on the facts in the Complaint, Defendant prepared bankruptcy forms by using credit reports and questionnaires. Official Form 119 includes a declaration that "I or my firm prepared the documents listed below and gave the debtor a copy of them and the Notice to Debtor by Bankruptcy Petition Preparer as required by 11 U.S.C. §§ 110(b), 110(h), and 342(b)."  Official Form 2010 is titled "Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy." A simple search on the list of forms provided by the United States Courts website shows both these forms. Even more, 11 U.S.C. § 527(b) specifically lists the necessary disclosures.  Defendant prepared forms on behalf of

Debtor but did not provide the notices necessary for a debt relief agency. Defendant prepared forms and applied the bankruptcy rules but ignored the mandatory disclosures that are highlighted in those very same forms. Construing the facts in a light most favorable to Plaintiffs, Plaintiffs have pled with sufficient particularity the necessary elements and a plausible claim for relief.

**V.   CONCLUSION**

For the reasons set forth above, the Court will deny both Motions to Dismiss.

[END OF DOCUMENT]

PARTIES TO BE SERVED
Case No. 21-02006

All parties to this Adversary Proceeding.